[Cite as *State v. Swann*, 2023-Ohio-3361.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                      No. 112096

    v.                                 :

JOYCE SWANN,                            :

    Defendant-Appellant.         :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 21, 2023

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-654454-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Jonathan Block, Assistant Prosecuting Attorney, *for appellee*.

Allison S. Breneman, *for appellant*.

SEAN C. GALLAGHER, J.:

{¶ 1} Appellant Joyce Swann appeals her conviction for misdemeanor theft in this case. Upon review, we affirm.

{¶ 2} Swann was indicted on a single count of robbery. The charge arose from an incident that occurred outside of a restaurant on September 26, 2020.

Around that time, the victim was romantically involved with Swann. The victim testified that he went on a date with another woman, L.G., and as he was walking outside from a restaurant with her, he was confronted by Swann. According to the victim's testimony, Swann snatched his key, which was on a lanyard around his neck, and threw it in a car. He indicated that Swann was with three other females who jumped out of the car and were hitting him. The victim testified that when he tried to get his key back, the car pulled off. The police were called the next morning. The victim stated that he did not get his key back from Swann until approximately six months later and that the key was to his truck, which he stated was bought with his own money. The truck was not present at the time of the incident. L.G.'s testimony corroborated the victim's testimony about Swann snatching the victim's key. Swann denied the victim's version of the events, denied snatching the key, and denied other allegations. Swann admitted going to the restaurant to talk to the victim, but she maintained the victim gave her the key back, that the key belonged to a truck they shared, and that she contributed money to purchase the truck. Additional testimony and evidence were introduced.

{¶ 3} A jury found Swann guilty of the lesser-included offense of theft in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree. On October 24, 2022, the trial court sentenced Swann to one year of community control. Swann timely filed this appeal.

{¶ 4} Under her first assignment of error, Swann challenges her conviction as being against the manifest weight of the evidence. When evaluating a claim that

a jury verdict is against the manifest weight of the evidence, "we review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that we must reverse the conviction and order a new trial." *State v. Wilks*, 154 Ohio St.3d 359, 2018-Ohio-1562, 114 N.E.3d 1092, ¶ 168, citing *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). Reversing a conviction based upon the weight of the evidence should occur "'only in the exceptional case in which the evidence weighs heavily against the conviction.'" *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶ 5} In challenging her conviction, Swann argues that the victim had inconsistencies in his testimony and that he was not a credible witness. Swann claims that the victim had been jilted by Swann and had an interest in cooperating with the state. She further claims that L.G. could not testify to what was being said at the time of the incident or who was the owner of the truck. Further, she claims there was a lack of physical evidence to corroborate the claim.

{¶ 6} Our review reflects that the victim testified to the circumstances involved when Swann confronted him outside the restaurant, snatched his key, and drove off. The victim's testimony concerning the incident was corroborated by L.G.'s testimony. She saw an oral argument between Swann and the victim, saw other females get out of the car, saw Swann snatch the key from the victim and throw it into the car, saw an altercation, saw the victim attempt to get his key back, and saw

the car pull off. Although there were some minor differences in the testimony, L.G. testified that the incident happened very fast and that it got frantic. L.G. confirmed that she talked to the police the next morning. Further, although Swann denied snatching the key and claimed the victim gave it to her, she admitted that she went to the restaurant, that she was with other females, that the victim wanted the key back, that an altercation occurred, that she and the other females drove away, and that she returned the key to the victim months later.

{¶ 7} After reviewing the entire record, we do not find that the jury clearly lost its way or that this is the exceptional case in which the evidence weighs heavily against the conviction. The first assignment of error is overruled.

{¶ 8} Under her second assignment of error, Swann claims the evidence is insufficient to support her conviction. "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.*

{¶ 9} Swann was convicted of theft in violation of R.C. 2913.02(A)(1), which provides that "[n]o person, with purpose to deprive the owner of property * * *, shall

knowingly obtain or exert control over the property * * * [w]ithout the consent of the owner or person authorized to give consent[.]"

{¶ 10} There was testimony at trial that Swann snatched the victim's key from a lanyard around his neck, he attempted to get it back, and Swann prevented that from happening. The victim's testimony and the circumstantial evidence support a determination that Swann did not have consent to take the key. Swann argues that L.G. was on the phone during the incident and did not hear the interaction. Nonetheless, L.G. observed the incident and provided eyewitness testimony that corroborated the victim's testimony. Swann further claims there was no evidence as to whom the truck was titled. Although Swann testified she helped pay for the truck, the victim testified that he purchased the truck, he had the only key, and the victim eventually returned the key to him.

{¶ 11} Viewing the evidence in a light most favorable to the prosecution, we find any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. The second assignment of error is overruled.

{¶ 12} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

ANITA LASTER MAYS, A.J., and
MARY EILEEN KILBANE, J., CONCUR